## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street NW<br>Washington, DC 20240<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 18-cv-1216<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of the Interior under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant the U.S. Department of the Interior (DOI) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

### *Florida FOIA*

7.      On January 18, 2018, American Oversight submitted a FOIA request to DOI seeking the following records:

> All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) regarding offshore drilling generally or the "2019-2024 National Outer Continental Shelf Oil and Gas Leasing Draft Proposed Program" specifically between DOI and any of the following:

      a. Governor Rick Scott of Florida or anyone from his office;
      b. Senator Bill Nelson of Florida or anyone from his office;
      c. Senator Marco Rubio of Florida or anyone from his office;
      d. Anyone from the American Petroleum Institute, including anyone whose email ends in @api.org;
      e. Anyone from the National Ocean Industries Association, including anyone whose email ends in @noia.org; or
      f. Anyone from the American Energy Alliance, including anyone whose email ends in @energydc.org.

American Oversight sought all responsive records from April 1, 2017, through the date of the search. American Oversight further stated that DOI could limit its search to the following offices: the Immediate Office of the Secretary; the Office of Congressional and Legislative Affairs; and the Office of Intergovernmental and External Affairs.

    8.     DOI assigned the Florida FOIA tracking number OS-2018-00570.

    9.     On March 9, 2018, American Oversight requested that DOI grant expedited processing of the Florida FOIA on the basis that there is an urgent need to inform the public about the federal government activity that is the subject of the request and that American Oversight is primarily engaged in disseminating information to the public.

    10.    On March 12, 2018, DOI granted American Oversight's request for expedited processing of the Florida FOIA.

*Coastal States FOIA*

    11.    On March 9, 2018, American Oversight submitted a FOIA request to DOI seeking communications with and records related to the thirteen coastal states in the contiguous United States other than Florida that have gubernatorial elections this year. Specifically, American Oversight is seeking access to the following records on an expedited basis:

      1. All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other

materials) regarding offshore drilling generally or the "2019-2024 National Outer Continental Shelf Oil and Gas Leasing Draft Proposed Program" specifically between DOI and any of the following:

   a. Governor Kay Ivey of Alabama or anyone from her office;

   b. Senator Richard Shelby of Alabama or anyone from his office;

   c. Then-Senator Luther Strange of Alabama or anyone from his office;

   d. Senator Doug Jones of Alabama or anyone from his office;

   e. Governor Jerry Brown of California or anyone from his office;

   f. Senator Dianne Feinstein of California or anyone from her office;

   g. Senator Kamala Harris of California or anyone from her office;

   h. Governor Dan Malloy of Connecticut or anyone from his office;

   i. Senator Richard Blumenthal of Connecticut or anyone from his office;

   j. Senator Chris Murphy of Connecticut or anyone from his office;

   k. Governor Nathan Deal of Georgia or anyone from his office;

   l. Senator Johnny Isakson of Georgia or anyone from his office;

   m. Senator David Perdue of Georgia or anyone from his office;

   n. Governor Paul LePage of Maine or anyone from his office;

   o. Senator Susan Collins of Maine or anyone from her office;

   p. Senator Angus King of Maine or anyone from his office;

   q. Governor Larry Hogan of Maryland or anyone from his office;

   r. Senator Ben Cardin of Maryland or anyone from his office;

   s. Senator Chris Van Hollen of Maryland or anyone from his office;

   t. Governor Charlie Baker of Massachusetts or anyone from his office;

   u. Senator Elizabeth Warren of Massachusetts or anyone from her office;

    v.  Senator Ed Markey of Massachusetts or anyone from his office;

    w. Governor Chris Sununu of New Hampshire or anyone from his office;

    x.  Senator Jeanne Shaheen of New Hampshire or anyone from her office;

    y.  Senator Maggie Hassan of New Hampshire or anyone from her office;

    z.  Governor Andrew Cuomo of New York or anyone from his office;

    aa. Senator Chuck Schumer of New York or anyone from his office;

    bb. Senator Kirsten Gillibrand of New York or anyone from her office;

    cc. Governor Kate Brown of Oregon or anyone from her office;

    dd. Senator Ron Wyden of Oregon or anyone from his office;

    ee. Senator Jeff Merkley of Oregon or anyone from his office;

    ff.  Governor Gina Raimondo of Rhode Island or anyone from her office;

    gg. Senator Jack Reed of Rhode Island or anyone from his office;

    hh. Senator Sheldon Whitehouse of Rhode Island or anyone from his office;

    ii.  Governor Henry McMaster of South Carolina or anyone from his office;

    jj.  Senator Lindsey Graham of South Carolina or anyone from his office;

    kk. Senator Tim Scott of South Carolina or anyone from his office;

    ll.  Governor Greg Abbott of Texas or anyone from his office;

    mm.   Senator John Cornyn of Texas or anyone from his office; or

    nn. Senator Ted Cruz of Texas or anyone from his office.

2. All final recommendations, memoranda, analyses, or decisions regarding whether to exempt or otherwise remove any of the following states from the 2019-2024 National Outer Continental Shelf Oil and Gas Leasing Draft Proposed Program:

    a.  Alabama;

    b.  California;

    c.  Connecticut;

      d.  Georgia;
      e.  Maine;
      f.  Maryland;
      g.  Massachusetts;
      h.  New Hampshire;
      i.  New York;
      j.  Oregon;
      k.  Rhode Island;
      l.  South Carolina; or
      m.  Texas.

American Oversight sought all responsive records from April 1, 2017, through the date of the search. American Oversight further stated that DOI could limit its search to the following offices: the Immediate Office of the Secretary; the Office of Congressional and Legislative Affairs; and the Office of Intergovernmental and External Affairs. A copy of the Coastal States FOIA is attached hereto as Exhibit A and incorporated herein.

12.  DOI assigned the Coastal States FOIA tracking number OS-2018-00843.

13.  On April 12, 2018, DOI denied American Oversight's request for expedited processing of the Coastal States FOIA.

*Exhaustion of Administrative Remedies*

14.  Through DOI's denial of American Oversight's request for expedition of the Coastal States FOIA, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

15.  As of the date of this complaint, DOI has failed to (a) notify American Oversight of any determination regarding the requests, including the scope of any responsive records DOI intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

16.     Through DOI's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing of the Coastal States FOIA**

17.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

18.     American Oversight properly requested records within the possession, custody, and control of DOI on an expedited basis.

19.     DOI is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and DOI's regulations.

20.     The records sought relate to an activity of the federal government about which there is an urgent need to inform the public, and American Oversight is primarily engaged in disseminating information to the public; therefore, the Coastal States FOIA justified expedited processing under FOIA and DOI's regulations.

21.     DOI wrongfully denied expedited processing of the Coastal States FOIA.

22.     DOI's failure to grant expedited processing of the Coastal States FOIA violated FOIA and DOI's regulations.

23.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring DOI to grant expedited processing of the Coastal States FOIA.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

24.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

25.     American Oversight properly requested records within the possession, custody, and control of DOI.

26.     DOI is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

27.     DOI has failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

28.     DOI's failure to conduct an adequate search for responsive records violates FOIA.

29.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

30.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31.     American Oversight properly requested records within the possession, custody, and control of DOI.

32.     DOI is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

33.     DOI is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

34.     DOI is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

35.     DOI's failure to provide all non-exempt responsive records violates FOIA.

36.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to expedite the processing of American Oversight's Coastal States FOIA identified in this Complaint;

(2) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(3) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight the costs of this proceeding, including reasonable

  attorneys' fees and other litigation costs reasonably incurred in this action, pursuant

  to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.


Dated: May 24, 2018                    Respectfully submitted,

                                       */s/ Cerissa Cafasso*
                                       Cerissa Cafasso
                                       D.C. Bar No. 1011003

                                       */s/ John E. Bies*
                                       John E. Bies
                                       D.C. Bar No. 483730

                                       AMERICAN OVERSIGHT
                                       1030 15th Street NW, B255
                                       Washington, DC 20005
                                       (202) 869-5244
                                       cerissa.cafasso@americanoversight.org
                                       john.bies@americanoversight.org

                                       *Counsel for Plaintiff*